OPINION OF THE COURT
Mark H. Dadd, J.
*633 By petition pursuant to CPLR article 78 sworn to on January 21, 1997, Melvin Bailey challenges the constitutionality of a policy which segregates him from other inmates because he has refused to submit to a tuberculosis test. Petitioner appeared pro se pursuant to an order to show cause dated May 21, 1997. He has submitted a written statement, dated June 5, 1997, in further support of his claims. Respondent requests that relief be denied upon the answer dated July 11, 1997, the amended answer dated October 29, 1997, and the affidavit of Ivan Mikler, sworn to on September 17, 1997, and submitted to the court on October 23, 1997.
Petitioner is confined in a facility infirmary pursuant to the Department of Correctional Services program to control the spread of tuberculosis. He refused to submit to a purified protein derivative (PPD) test in the fall of 1996. He contends that this test, which involves the injection of a protein with a syringe, would improperly invade his body in violation of his religious beliefs. Petitioner has agreed to submit to chest x-rays to monitor his health. He believes that this is an adequate precaution to prevent the spread of the disease. The Department’s policy, however, mandates that inmates who refuse a PPD test must be monitored in special confinement for one year and only released after three chest x-rays yield negative results.
In resolving the petitioner’s claims, the court shall assume that his refusal to submit to a PPD test is based upon his sincere religious beliefs. Thus, the Department’s policy infringes upon his religious rights to some degree by forcing him to submit to a medical procedure which conflicts with his beliefs or accept more restrictive conditions of confinement. However, the Department’s policy may still be constitutional if it is found to be " 'reasonably related’ to legitimate penological objectives” (see, Turner v Safley, 482 US 78, 87 [1987]; Thornburgh v Abbott, 490 US 401 [1989]; O’Lone v Estate of Shabazz, 482 US 342 [1987]).
The Appellate Division for the Third Department has noted that the determination of such a constitutional issue must be made upon consideration of four factors: "(1) whether the objective underlying the regulation is 'legitimate and neutral’ and the regulation is 'rationally related’ to that objective, (2) whether alternative means of exercising the impaired right of the inmate remain open to him, (3) whether accommodation of the inmate’s right will have a negative impact on others in the prison, and (4) whether alternatives exist which fully accom *634 modate the inmate’s rights at minimal cost to valid penological interests” (see, Matter of Malik v Coughlin, 154 AD2d 135, 138 [1990], citing Thornburgh v Abbott, supra, 490 US, at 414-416; see also, Matter of Montgomery v Coughlin, 194 AD2d 264, 266 [1993], appeal dismissed 83 NY2d 905; Matter of Lucas v Scully, 71 NY2d 399, 405-406 [1988]). The court finds, upon a review of these factors, that the cited policy is constitutional and that the petitioner has failed to establish a violation of his constitutional rights.
The record shows that the Department has a legitimate and compelling penological interest in preventing the spread of tuberculosis in the State prison system. The policy challenged in this action was clearly adopted in an attempt to advance this interest in a neutral manner and is not directed toward any religious practices or beliefs. The record also shows that the policy is rationally related to preventing the spread of disease. The PPD test is used to identify inmates with latent forms of tuberculosis so that they may be urged to take a prophylactic medication. The potential adverse side effects of this medication preclude its use unless an inmate actually has the latent form of the disease. Furthermore, if an inmate refuses to submit to a PPD test, a one-year medical-hold period restricts his exposure to other inmates during the 12 months that he is most likely to develop an active form of the disease. The restrictive confinement also allows medical personnel to closely monitor the inmate’s health, prescribe prophylactic treatment as soon as possible, and to trace the source of any contagion.
Petitioner asserts that a chest x-ray offers a sufficient method of screening for the disease. However, this screening test is inadequate because it will not detect the disease in its latent stages. Medical personnel will rely upon three negative results from chest x-rays to release an inmate from restricted confinement after one year. Thus, an inmate is not forced to submit to a PPD test in violation of his religious beliefs and he is released after the most dangerous period for developing an active form of the disease has passed. There does not appear to be a means of more fully accommodating the inmate’s religious rights without jeopardizing institutional goals. The absence of a PPD test or an observation period under restrictive confinement would increase the danger of contagion among other inmates and the prison staff.
Petitioner has cited Jolly v Coughlin (76 F3d 468 [2d Cir 1996]) in support of his claim for relief under the Religious Freedom Restoration Act of 1993 (RFRA; 42 USC § 2000bb et *635 seq.). That decision affirmed a preliminary injunction releasing an inmate from "medical keeplock” where he had been confined for three and a half years after refusing a PPD test on religious grounds. The court ruled that the plaintiff had shown a substantial likelihood of success on the merits of his claims under the Eighth Amendment and the RFRA. However, the Court of Appeals approved such relief under the Federal statute by applying a higher standard of review: that the governmental burden on religious beliefs can only be justified as the least restrictive means of furthering a compelling governmental interest. The United States Supreme Court subsequently rejected this standard of review as unconstitutional (see, City of Boerne v Flores, 521 US —, 138 L Ed 2d 624, 117 S Ct 2157 [1997]). Thus, the petitioner’s religious infringement claims must be addressed under the "reasonableness” test articulated in O’Lone v Estate of Shabazz (supra).
The Second Circuit never reached the traditional "reasonableness” test under First Amendment case law in Jolly v Coughlin (supra, at 475). The same plaintiff had previously lost on the merits of such a constitutional claim in the Supreme Court of Westchester County (see, Matter of Jolly v Keane, Dec. 18, 1992). This court concurs with the reasoning of the Westchester County decision which was left undisturbed by the opinion of the Second Circuit in Jolly v Coughlin (supra).
It further appears that the Department has substantially modified its policies to cure the objections raised by the Second Circuit in Jolly v Coughlin (supra). Inmates who test positive for latent tuberculosis but refuse prophylactic medication are no longer released to the general population (see, Jolly v Coughlin, supra, at 477). Inmates who refuse the PPD test and inmates who test positive but refuse treatment are all currently segregated to prevent the spread of tuberculosis. Furthermore, the Department now limits the duration of restrictive confinement to one year and grants confined inmates daily recreation and three showers per week. Thus, the current conditions of confinement would not constitute cruel and inhuman treatment under the Eighth Amendment standard of review applied by the Second Circuit (Jolly v Coughlin, supra, at 480). Petitioner is also not similarly situated to the plaintiff in the Federal case who had been confined for over three years and would apparently never comply with the testing procedure (Jolly v Coughlin, supra, 478). Petitioner is now only subject to one year of restrictive confinement, which is the period of greatest risk for developing an active form of tuberculosis.
*636 Petitioner has failed to support the remaining allegations of the petition. He has failed to show that prison officials have punished him for his religious beliefs or been deliberately indifferent to his serious medical needs (see, Matter of Moore v Leonardo, 185 AD2d 489 [1992]).
Now, therefore, it is hereby ordered that this proceeding is converted to an action for a declaratory judgment insofar as it challenges the constitutionality of the respondent’s policies (see, Matter of Montgomery v Coughlin, supra); and it is further adjudged and declared that the petitioner has failed to show that the cited policies violate his constitutional rights; and it is further ordered that the petition is otherwise denied.