■ In the Matter of RUDOLPH ROSSI, Appellant, v LEONARD PORTUONDO, as Superintendent of Shawangunk Correctional Facility, Respondent. [714 NYS2d 816] —Mugglin, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered June 9, 1999 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent placing petitioner in medical keeplock.

Petitioner, an inmate confined to Shawangunk Correctional Facility in Ulster County, was required to submit to a purified protein derivative test (hereinafter PPD test) as part of a mandatory screening program to identify inmates with latent forms of tuberculosis. Petitioner, a follower of the Rastafarian religion, objected to the protein injection required by the PPD test on religious grounds and was placed in medical keeplock until he either submitted to the PPD test or showed no active signs of tuberculosis on chest X rays for a period of one year. After his grievance was denied, petitioner commenced this proceeding alleging, inter alia, that the determination placing

him in medical keeplock violates his free exercise rights under the 1st Amendment of the US Constitution. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Initially, petitioner's claim that the PPD test violates the tenets of the Rastafarian religion was refuted by the affidavit of a Rastafarian church official who explained to petitioner that undergoing the PPD test was not contrary to his religious beliefs. In any event, upon review of the relevant factors, we conclude that the policy requiring inmates to submit to the PPD test or face confinement in medical keeplock for a period of one year is reasonably related to the legitimate penological interest in preventing the spread of tuberculosis within the prison system by restricting exposure to inmates who refuse to submit to tuberculosis testing during the one-year period that active symptoms of the disease are most likely to develop (see generally, Turner v Safley, 482 US 78, 89; Matter of Bunny v Coughlin, 187 AD2d 119, appeal dismissed 82 NY2d 679; Matter of Malik v Coughlin, 154 AD2d 135; Matter of Bailey v Goord, 174 Misc 2d 632, 635-636). Although petitioner contends that a viable alternative to the PPD test exists, the record reveals that the suggested alternative does not detect tuberculosis in its latent stages and, therefore, severely compromises the valid institutional goal of reducing contagion of the disease (see generally, Matter of Bailey v Goord, supra, at 635-636). Finally, to the extent that petitioner relies upon Jolly v Coughlin (76 F3d 468) for the proposition that he is entitled to a religious exemption from the PPD test, we need only note that the Jolly case (supra) was decided pursuant to a statutory scheme which was subsequently declared unconstitutional (see, City of Boerne v Flores, 521 US 507).

Petitioner's remaining contentions have been reviewed and rejected.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.